IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| REGAL LOGISTICS, LLC, | * |
| *Plaintiff*, | * |
| v. | * |
| | Civil Action No. RDB-22-2050 |
| | * |
| NEXT INSURANCE US COMPANY, | |
| | * |
| *Defendant*. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM ORDER**

The underlying Complaint for Declaratory Relief in the above-captioned case was initially filed in the Circuit Court for Prince George's County, Maryland, on June 29, 2022. (ECF No. 3.) In brief, the litigation results from a January 18, 2021 fire at the business premises of the Plaintiff Regal Logistics, LLC ("Regal"). There was substantial "property damage to personal property belonging to third parties" at Regal's facility. Regal made a claim for liability coverage with the Defendant Next Insurance US Company ("Next Insurance"), from which it had obtained liability insurance. On August 15, 2022, Defendant filed its Answer (ECF No. 4) in state court, acknowledging the existence of its insurance policy but removing this case to this Court based on diversity of citizenship. (ECF No. 1.)

On November 16, 2022, Plaintiff filed a consent motion requesting an extension of time, noting Plaintiff's representative who is the sole member of the LLC and a named insured on the insurance policy, was the victim of a battery that has left him unable to participate in the discovery process and that it was uncertain when he would recover. (ECF No. 13.) The Court granted that motion the same day. (ECF No. 14.)

On December 5, 2022, Defendant filed a "Motion for Discovery of Expert Report and Exhibits" (ECF No. 15), which remains pending, though it appears no motion or memorandum in support was attached. Before the Court could address the Motion, the parties filed consent motions to stay (ECF Nos. 16, 17), noting the Plaintiff's representative remained unable to participate in the litigation and it was uncertain when he would recover. The Court promptly stayed the case indefinitely (ECF No. 18).

On February 5, 2024, this Court entered an Order directing the Plaintiff to *show cause why the case should not be dismissed*, (ECF No. 19), noting the failure of Regal to prosecute this case and proceed with any claims. That same day, Plaintiff's counsel moved to withdraw his appearance as attorney for Regal, (ECF No. 20), and also responded to the show cause order, (ECF No. 21). Within the Motion to Withdraw Appearance of Counsel on Behalf of the Plaintiff (ECF No. 20), which remains pending, counsel indicated that he had been notified in March 2023 that Plaintiff's representative had passed away, and further indicated that, while he had made "numerous efforts to contact [his client] or his heirs to discuss this action[,] . . . such efforts have been fruitless." His response to the show cause order (ECF No. 21) summarized the motion to withdraw appearance and stated that "Counsel is not aware of any claims that have been made . . . arising from the underlying fire-loss," but indicated that it was possible that such claims have been made. Accordingly, it was requested that any dismissal should be without prejudice.

On August 6, 2024, Defendant filed a Motion to Dismiss (ECF No. 22), which also remains pending on this Court's docket. Therein, Defendant noted: "to the best of Defendant's knowledge and belief, no third-parties have initiated any claims against Plaintiff

2

for property damage," emphasizing the statute of limitations for any third-parties to make a claim regarding the January 18, 2021 fire had since expired. Accordingly, the Defendant requested that this Court dismiss the action with prejudice.

The Plaintiff Regal has failed to prosecute this matter against the Defendant Next Insurance, and has failed to show why this case should not be dismissed WITH PREJUDICE in light of no evidence of any claims having been filed. Accordingly, it is hereby ORDERED this 28th day of January, 2025, that:

1. The Stay Order shall be LIFTED;

2. The Motion to Withdraw Appearance of Counsel on Behalf of the Plaintiff (ECF No. 20) is GRANTED;

3. The Defendant's pending motions—the Motion for Discovery of Expert Report and Exhibits (ECF No. 15); and the Motion to Dismiss (ECF No. 22) shall be DENIED AS MOOT;

4. This case shall be DISMISSED WITH PREJUDICE;

5. The Clerk of Court shall CLOSE this case; and

6. The Clerk shall transmit copies of the foregoing Order to counsel of record.

/s/
Richard D. Bennett
United States Senior District Judge